■ In the Matter of the ESTATE OF BERNARD P. BIRNBAUM, Deceased, Appellant, v FRANKLIN E. WHITE, as Commissioner of the Department of Transportation of the State of New York, Respondent.—Judgment unanimously reversed on the law with costs, and petition granted, in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination to appropriate approximately five acres of petitioner's property for a park and ride lot without complying with the provisions of EDPL article 2. Petitioner contends that the purported appropriation is a nullity because it was made without a public hearing as required by EDPL 201 and 202. Respondent maintains that, pursuant to EDPL 206 (A), he is exempt from public hearing requirements with respect to petitioner's property inasmuch as he held public hearings on the so-called "Can of Worms" project and those hearings encompassed petitioner's property.

Our review of the record indicates that the public hearings concerning the "Can of Worms" project did not consider or discuss this specific property for use as a park and ride

facility. Since there was no public hearing with respect to petitioner's property, the determination and findings mandated by EDPL 204 were not made and respondent has improperly acquired petitioner's property. The acquisition map which respondent filed with respect to petitioner's property is therefore null and void and respondent must discontinue the use of petitioner's property unless respondent properly acquires the property after compliance with the provisions of EDPL article 2.

The respondent has expended substantial public funds in the development of the within park and ride facility. Moreover, a significant number of people use the lot on a daily basis and great inconvenience would be caused them if the use of this facility were to be summarily terminated. Enforcement of the judgment to be entered on our decision should be stayed for a period of 90 days from the date of entry of our order to afford respondent an opportunity to acquire the property after compliance with the provisions of EDPL article 2 (see, H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, 234, 235; CPLR 7805). (Appeal from judgment of Supreme Court, Monroe County, Wagner, J.—art 78.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.